UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ANGLERO-WYRICK,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SONOMA, et al.,<br><br>Defendants. | Case No. 21-cv-01985-SK<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Regarding Docket No. 34 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendants County of Sonoma ("County"), Jeremy Jucutan ("Jucutan"), Nikko Miller ("Miller"), and Mark Essick ("Essick") (collectively, "Defendants"). The Court finds the motion suitable for disposition without oral argument and, thus, VACATES the hearing scheduled for September 20, 2021. *See* N.D. Civ. L.R. 7-1(b). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' motion for the reasons set forth below.

## BACKGROUND

In this Order, the Court will focus on the newly added allegations in the First Amended Complaint ("FAC") filed by Plaintiff Jason Anglero-Wyrick ("Plaintiff").

When the Sonoma County District Attorney's Office ("DA") filed a felony complaint against Plaintiff, prosecutors had not yet reviewed the body-worn camera videos of these events when they made the charging decision. Instead, the DA relied upon the written accounts of the deputies present. (Dkt. No. 33 ("FAC"), ¶ 24.) "Those reports contained information the deputies knew to be false, misleading, and/or exaggerated. This false information was intentionally included in the deputies' reports in order to deceive the prosecutor's office into filing a criminal action against Plaintiff that was unsupported by probable cause." (*Id*.) Plaintiff further alleges:

"The District Attorney filed charges against Plaintiff based only upon the false and misleading reports of the deputies, and when confronted with the video evidence which exposed those reports as false, took remedial action and dismissed the case. If the deputies had submitted truthful reports, [Plaintiff] would not have been prosecuted." (*Id.*)

Plaintiff also added a claim for municipal liability under 42 U.S.C. § 1983 against Essick and the County for ratification. Plaintiff alleges that Essick, the County's Sheriff, ordered an administrative investigation into Jucutan's and Miller's acts. (*Id.*, ¶ 77.) The investigation concluded that Jucutan's decision to deploy the police dog "Vader" was within law and policy and that the force used by Jucutan against Plaintiff was reasonable. (*Id.*) The investigation also concluded that Miller's decision to deploy the taser was within law and policy and that Millerused reasonable force. (*Id.*, ¶ 78.) The report recommended that both Jucutan and Miller be exonerated. (*Id.*) Essick agreed and adopted those findings. (*Id.*, ¶¶ 77, 78.) Essick knew of Jucutan's and Miller's actions and the reasons for their actions and approved of them, including their "obvious constitutional violations." (*Id.*, ¶¶ 77-79.)

Defendants now move to dismiss only Plaintiff's amended claims for malicious prosecution and ratification.

## ANALYSIS

**A.  Applicable Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. On a motion to dismiss under Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice, such as matters of public record, may be considered on a motion to dismiss. *See Harris v. Cnty of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2011). In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

**B.     Defendants' Motion to Dismiss.**

**1.     Malicious Prosecution.**

To state a claim for malicious prosecution under Section 1983, Plaintiff must allege "that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir. 1995). Plaintiff must also allege that criminal proceedings were initiated against him and that the criminal proceedings terminated in his favor. *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012).

The Court granted Defendants' previous motion to dismiss this claim solely on the grounds that Plaintiff failed to allege facts to rebut the presumption that the prosecutor exercised

3

independent judgment in determining probable cause existed at the time of the arrest. (Dkt. No. 25.) As the Court noted, a plaintiff may rebut this presumption by alleging facts such as that the district attorney was pressured or caused by the investigating officers to act contrary to her or his independent judgment or that the officers knowingly presented false information to the district attorney. *Smiddy v. Varney*, 665 F.2d 261, 266-67 (9th Cir. 1981), *overruled on other grounds by Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008). The Plaintiff failed to allege that Miller and Jucutan withheld relevant information or presented false information to the DA, or that they otherwise pressured the DA to initiate criminal charges. (Dkt. No. 25.)

In his FAC, Plaintiff cures this defect by alleging that the deputies present at the scene, including Miller and Jucutan, wrote false reports of the events in order to deceive the DA into bringing a criminal action against Plaintiff. The Court finds that Plaintiff has alleged sufficient facts to state a claim for malicious prosecution and, thus, DENIES Defendants' motion on this ground.

**2.     *Monell Claim Based on Ratification*.**

Defendants move both to dismiss Essick as a defendant and the ratification claim in its entirety.

**i.     Essick.**

Plaintiff names Essick as a defendant in his official capacity as the Sheriff of the County and the final decision and policy maker for the County. (Dkt. No. 33, ¶¶ 74-75.) Defendants argue that the claim against Essick is redundant. Plaintiff does not appear to oppose Defendants' motion on this ground. Suing an official in his or her official capacity suits provide "another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). Therefore, "[w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." *Center for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008). Accordingly, the Court GRANTS Defendants' motion on this ground and DISMISSES Essick as a Defendant.

4

### ii. The Ratification Claim Against the County.

The County moves to dismiss the *Monell* ratification claim against it on the grounds that Plaintiff has insufficiently pled facts to support liability against a municipality under *Monell v. New York Dept. of Soc. Serv.*, 436 U.S. 658 (1978). To state a *Monell* claim based on ratification, a plaintiff must allege facts to show that a municipal entity's final policymaker approved both the subordinate's decision and the improper basis for that decision. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066-67 (9th Cir. 2013) (citing *Christie v. Iopa*, 176 F.3d 1231 (9th Cir. 1999)). Additionally, to hold the County liable under *Monell*, its conduct must be the moving force behind the constitutional violation. *Van Ort v. Estate of Michael Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

Plaintiff alleges that Essick agreed with and adopted the findings of the County's investigation exonerating Miller and Jucutan, and that Essick knew of and approved of Miller's and Jucutan's constitutional violations. These allegations are sufficient to allege the County's ratification of Miller's and Jucutan's violations of Plaintiff's constitutional rights.

Relying on language in *Christie v. Iopa*, 176 F.3d 1231 (9th Cir. 1999) and the requirement that the County's conduct be the *moving force* behind the constitutional violations, Defendants further argue that mere ratification, after the alleged violation has concluded, is insufficient. In *Christie*, the Ninth Circuit noted that the plaintiff failed to provide evidence that the defendant "knew of [the prosecutor's] actions before the criminal case against [the plaintiff] was dismissed (i.e., before the alleged constitutional violations ceased)." *Christie*, 176 F.3d at 1239. Defendants have not cited to any case explicitly holding that this is a requirement to establish a *Monell* claim based on ratification. In fact, one district court has rejected this theory. *See Duhon v. Cty. of King*, 2005 WL 1869022, at *2 n. 1 (W.D. Wash. Aug. 5, 2005) (rejecting argument that ratification of "ongoing" constitutional violations is part of the Ninth Circuit test for ratification). Regardless, the Court need not resolve this issue at this time. The Court finds that Plaintiff has sufficiently alleged that the County, through Essick, knew of and approved of Miller's and Jucutan's purported unconstitutional conduct. Whether these allegations support a *Monell* claim for ratification or simply further support a claim that the County had a pre-existing policy which

caused the constitutional violations, Plaintiff has sufficiently alleged a *Monell* claim. *See Silva v. San Pablo Police Dep't*, 2020 WL 1137946, at *2 (9th Cir. Mar. 9, 2020) ("a policymaker's after-the-fact approval of a subordinate's conduct may be used as evidence that a municipality had a pre-existing policy that caused the alleged constitutional violations."). Accordingly, the Court DENIES Defendants' motion to dismiss on this ground.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss Plaintiff's FAC. The Court GRANTS the motion as to dismissing Essick as a Defendant and DENIES Defendants' motion as to the remainder.

**IT IS SO ORDERED**.

Dated: September 14, 2021

_____
SALLIE KIM
United States Magistrate Judge